UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **James Nache,** ) | |
| ) | |
| Plaintiff, ) | Case: 4:23-cv-04063 |
| ) | |
| v. ) | |
| ) | |
| **BNSF Railway Company,** ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, James Nache ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against BNSF Railway Company ("Defendants"), and in support states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment because of his disability and in retaliation for his attempting to assert his rights under the ADA when Plaintiff reported harassment and discrimination on the basis of his disability. This action also arises out of Plaintiff's employment relationship with Defendants, including its interference of FMLA leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2. At all times material, Plaintiff was a resident of Warren County, Illinois.

1

3. At all times material to the allegations in this Complaint, Defendant, BNSF Railway Company, is a corporation doing business in and for Knox County whose address is 2215 S. Henderson Street, Galesburg, IL 61401.

4. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2) (A).

5. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

6. At all times material, Defendant was a general contracting company that was doing business in Knox County, Illinois.

## JURISDICTION AND VENUE

7. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant's has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Tazewell County.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

11. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Americans with Disabilities Act of 1990, 29 U.S.C. § 621,

*et seq.*, have occurred or been complied with.

12. The Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of employment discrimination on basis of race, color, and retaliation(Attached hereto as Exhibit "A").

13. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

14. The Defendant hired, James Nache, at BNSF Railway Company as a Track Maintenance Laborer at the Galesburg, IL location on or around September 19, 2011, until he is unlawfully terminated on or around April 1, 2022 because of the Plaintiff's disability, Ulcerative Colitis.

15. The Plaintiff was qualified to perform the essential duties of the job of Track Maintenance Laborer ensuring that he safely and efficiently inspect, repair, and maintain the railroad track infrastructure to insure safe and efficient service to Defendant's customers.

16. The Defendant subjected the Plaintiff to discrimination because of his disabilities; the Plaintiff suffers from Ulcerative Colitis.

17. The Defendant subjected the Plaintiff to discrimination because of his disability.

18. The Plaintiff is a qualified individual as defined by the ADA.

19. Plaintiff's disability substantially limits major life activities.

20. The Plaintiff exceeded expectations in terms of job performance.

21. The Defendant subjected the Plaintiff to an adverse employment action by terminating his employment.

22. The Defendant subjected the Plaintiff to different terms and conditions of employment than others not with a disability.

23. Regardless of the Plaintiff's disability, the Plaintiff is able to perform the essential functions of his job duties, with or without reasonable accommodations.

24. The Employer was aware of the Plaintiff's capabilities, and that he was able to perform the essential functions of his job duties with or without reasonable accommodations.

25. The Defendant never subjected the Plaintiff to any disciplinary actions or write-ups during his employment and was otherwise an exemplary employee.

26. The Plaintiff belongs to the protected group because he is a qualified individual as defined by the ADA.

27. The Employer interfered with the Plaintiff's leave pursuant to FMLA and failed to engage in the interactive process regarding reasonable accommodations nor to try to accommodate or find a reasonable accommodation that can work for both parties.

28. From the onset of the Plaintiff's employment in 2011, the Employer was well aware of his disability.

29. On or around January 1, 2022, the Plaintiff suffered from a medical episode due to his disability.

30. The Defendant placed the Plaintiff on intermittent FMLA leave from January 7, 2022 through January 24, 2022.

31. The Plaintiff was scheduled to have a mandatory medical procedure done at the end of his FMLA leave (beginning of February 2022) to determine if the Plaintiff could return to work.

32. Plaintiff provided the Employer's Leave Administrator, Ms. Kaitlyn Williams with all of the Plaintiff's medical documentation as to his procedure and request for a reasonable

accommodation of continuing the FMLA leave until his necessary medical procedure was completed.

33. The Defendant ignored the Plaintiff's requests for reasonable accommodations.

34. During this time, the Plaintiff contracted COVID-19 and his mandatory procedure is delayed to February 24, 2022.

35. On or about March 2022, the Plaintiff is cleared to return to work without restrictions following his procedure's test results.

36. The Plaintiff informed the Defendant that he is cleared and ready to return to work.

37. Plaintiff received no response from the Defendant as to his return to work date.

38. On or around April 1, 2022, Leave Administrator, Ms. Williams called and emailed the Plaintiff a form requesting the Plaintiff's resignation from the Defendant.

39. The Plaintiff advised Ms. Williams that he did not intend to resign and that he is medically cleared and ready to return to work.

40. The Defendant ignored the Plaintiff's pleas to return to work and Plaintiff never heard from the Employer again.

41. The Defendant failed to engage in the interactive process to determine reasonable accommodations as required by the ADA and retaliated against the Plaintiff because of his disability effectively terminating the Plaintiff's employment.

42. The Defendant has subjected the Plaintiff to discrimination because of his disability and retaliated against in violation of the Americans with Disabilities Act of 1990, as amended.

## COUNT I
### Disability Discrimination - Violations of the Americans with Disabilities Act ("ADA")

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

45.     Defendant terminated Plaintiff's employment based on his disability.

46.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47.     Plaintiff is a member of a protected class under the ADA, due to his disability.

48.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

49.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Failure to Accommodate in Violation of
### Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

50.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

51.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

52.     Plaintiff is a qualified individual with a disability.

53.     Defendant was aware of the disability and the need for accommodation.

54. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

55. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendants.

56. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to his disability.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

59. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

60. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

61. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

62. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability discrimination.

63. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the disability discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

65. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

66. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT IV: INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE FMLA INFORMATION)

67. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

68. The Plaintiff was eligible for FMLA leave.

69. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious medical condition.

70. Defendant controlled Plaintiff's work schedule and conditions of employment.

71. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

72. Despite their knowledge of Plaintiff's medical condition and the serious medical situation, his employer failed to notify Plaintiff of his eligibility status and rights under the FMLA.

73. When Plaintiff's employer failed to notify Plaintiff of his eligibility status and rights under the FMLA the Defendant interfered with Plaintiff's rights under the FMLA.

74. As a result, Plaintiff has been damaged.

75. The Plaintiff demands that the count be tried by a jury.

## COUNT V: VIOLATION OF THE FMLA– RETALIATION

76. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

77. Defendant terminated Plaintiff following his notification about his request for medical leave, which constitutes a request for taking FMLA leave.

78. Defendant terminated Plaintiff because he requested FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when he explained that he had a condition that was severe or life threatening.

79. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

80. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his retaliation.

81. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

82. The Plaintiff demands that the count be tried by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

    b. Back pay with interest;

    c.      Payment of interest on all back pay recoverable;

    d.      Front pay;

    e.      Loss of benefits;

    f.      Compensatory and punitive damages;

    g.      Reasonable attorneys' fees and costs;

    h.      Award pre-judgment interest if applicable; and

    i.      Award Plaintiff any further relief pursuant to the FMLA;

    j.      Award Plaintiff any and all other such relief as the Court deems just and proper.

Dated April 25, 2023

                          Respectfully submitted,

                          */s/ Nathan C. Volheim, Esq.*
                          **Nathan C. Volheim, Esq.**
                          Sulaiman Law Group Ltd.
                          2500 S. Highland Avenue, Suite 200
                          Lombard, Illinois 60148
                          Phone (630) 568-3056
                          Fax (630) 575 - 8188
                          nvolheim@sulaimanlaw.com