# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES NACHE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 4:23-cv-04063-SLD-JEH |
| | ) | |
| v. | ) | Chief Judge Sara L. Darrow |
| | ) | Magistrate Judge Jonathan E. Hawley |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BNSF RAILWAY COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS COUNTS I, II, III & IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

In opposing BNSF's motion to dismiss his ADA claims and his FMLA interference claim, Nache contends inexplicably that the Court should conclude from his First Amended Complaint ("FAC") allegations that, in spite of the fact that BNSF provided him with the one accommodation he sought, he was nevertheless, "denied an accommodation," and that, in spite of the fact that BNSF provided him with 12 weeks of FMLA leave, BNSF somehow "interfered with his right to take FMLA leave." He also contends, with no factual support, that, at the conclusion of his 12 weeks of FMLA leave and a full eleven years after learning that Nache has ulcerative colitis, BNSF abruptly terminated his employment *because of* Nache's ulcerative colitis. The arguments Nache asserts in his Response to BNSF's motion – none of which he supports with case law or other authority – cannot overcome the reality that Nache, in his FAC, has not pled facts from which the Court could reasonably conclude that BNSF discriminated against him based on his ulcerative colitis, denied him any accommodation, retaliated against him when he requested an accommodation, or that there are any FMLA benefits to which Nache was entitled that BNSF did not provide. Accordingly, the Court should dismiss Counts I, II, III, and IV of Nache's FAC.

## ARGUMENT

**I. <u>The FAC allegations establish that BNSF never denied Nache any accommodation.</u>**

In his Response, Nache inaccurately asserts that BNSF's argument for the dismissal of his failure to accommodate claim is really a factual dispute about his FAC allegations. On the contrary, BNSF's issue is with the very facts Nache himself has pled, and their failure to state a claim as pled. Based on the allegations Nache asserts in his FAC, Nache establishes that he sought only one accommodation: medical leave from January – March of 2022. His FAC allegations further confirm that BNSF provided this very accommodation. (*See* FAC ¶¶ 24-26; 28-30; 33-34; 36; 41 and Nache's Resp. pp. 11-12) Nache explicitly acknowledges that he was on "disability related FMLA leave" throughout this time and was in contact with BNSF throughout the duration of his leave. (FAC ¶ 32) He acknowledges further that, as of the end of March 2022, he was cleared to return to work by his doctor and that accordingly, did not need any accommodation at that time. (Resp. p. 7) Inexplicably, Nache then dubiously concludes that BNSF "effectively failed to accommodate Plaintiff's disability by interfering with his FMLA rights, and denying him additional defined medical leave to care for his disability." (Resp. p. 12) This inaccurate legal conclusion is plainly proved false by Nache's own directly contradictory FAC allegations that Nache exercised his right to 12 weeks of FMLA leave and that he received the one accommodation he sought. Because Nache's factual allegations confirm BNSF did not deny Nache any disability accommodation, Nache fails to state an ADA failure to accommodate claim, requiring that the Court dismiss Count II of Nache's FAC.

**II. <u>Nache does not plead any facts to support that BNSF would not have terminated him "but for" his ulcerative colitis.</u>**

In order to state a claim for disability discrimination, Nache must plead facts establishing, among other things, that he "suffered an adverse employment action *because of* his disability." *See e.g., Bunn v. Khoury Enters.,* 753 F.3d 676, 683 (7th Cir. 2014) (emphasis added); *McCann v. Badger Mining Corp.,* 965 F.3s 578, 588-89, 588 (7th Cir. 2020) (Seventh Circuit continues to apply the "but for" causation standard to ADA discrimination claims); *Moore v. Advanced Tech. Servs., Inc.,* 2022 U.S. Dist. LEXIS 241217, at *15 (C.D. Ill. Aug. 16, 2022) (dismissing disability discrimination where plaintiff pled his disability was "one of the reasons" for his termination). In his Response, Nache contends that he has pled suspicious timing and that alone sufficiently shows a causal connection between his purported termination and his ulcerative colitis.[1] (Resp. pp. 8-9) Specifically, Nache points to his allegation that BNSF ultimately terminated him right as he was attempting to return to work. But of course, while this "suspicious timing" could be relevant and appropriately considered with respect to Nache's FMLA retaliation claim, for example, it has no bearing whatsoever on his discrimination claim. According to Nache, he made BNSF aware of his disability at the time BNSF hired him, which was a full eleven years prior to his termination. (FAC ¶ 15) Nache's only other effort at tying his ulcerative colitis to his termination is to set forth the legal conclusion: "Defendant terminated Plaintiff's employment based on his disability." (FAC ¶ 15) But of course, "[a] plaintiff may not rely on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *Citing DeGuelle v. Camilli,* 664 F.3d 192, 198 (7th Cir. 2011) (citing *Bell Atl. Corp.*, 550 U.S. at 555); *Brode v. Xeris Pharm., Inc.*, 2023 U.S. Dist. LEXIS 54981, at *10-11 (N.D. Ill. March 30, 2023) ("simply reciting the statutory definition" with respect to intentional disability discrimination claim is insufficient to state a claim); *Knipp v. R.J. O'Brien & Assocs. LLC,* 2021 U.S. Dist. LEXIS 190907, at *4-5 (N.D. Ill. Jan. 21, 2021) (complaint

---

[1] Nache attempts to argue that he also pled that BNSF asserted a pretextual reason for its separation of employment but ultimately identifies "suspicious timing" as the "pretextual reason." (Resp. p. 9)

3

alleging "recitations of legal conclusions" insufficient to state a claim of disability discrimination). Because Nache has not pled facts from which the Court could reasonably concluded that his ulcerative colitis was the "but for" reason for his termination, Nache's disability discrimination claim fails. Accordingly, the Court should dismiss Count I of Nache's FAC.

   III.   **BNSF did not deny Nache FMLA benefits or otherwise interfere with his right to take FMLA leave.**

In his Response, Nache does not dispute that BNSF provided him with the 12 weeks of FMLA to which he was entitled. Instead, he argues that his FMLA interference claim should survive because "threatening to discipline an employee for seeking or using FMLA benefits to which he is entitled clearly qualifies as interference with FMLA rights." (Resp. p. 15) Nache cites *Ziccarelli v. Dart*, 35 F.4th 1079, 1090 (7th Cir. 2022) and *Preddie v. Bartholomew Consol. Sch. Corp.,* 799 F.3d 806, 818 (7th Cir. 2015) in support of his contention.[2] Neither case establishes that Nache's FAC allegations flush out a clam for FMLA interference.

*Ziccarelli* lists out examples of employer conduct that, while falling short of denying an employee FMLA leave, could nevertheless constitute FMLA interference. These include: (1) implementing a burdensome approval process; (2) discouraging employees from requesting FMLA leave; (3) not providing basic FMLA information to an employee unaware of his rights; and (4) actively discouraging employees from taking steps to access FMLA benefits. *Ziccarelli*,

---

[2] BNSF notes that both *Ziccarelli* and *Preddie*, as well as virtually every other of the limited cases Nache cites in his Response are decisions wherein the court rules on a motion for summary judgment or parties' post-trial briefs, most of which, notably are entirely unfavorable to Nache's half-hearted arguments. *See, e.g., Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775 (7th Cir. 2008), and *Block v. Ill. Sec'y of State,* 2010 U.S. Dist. LEXIS 132420 (S.D. Ill. Dec. 15, 2010). (Resp. p. 3) Of course, this is perfectly acceptable—even at the motion to dismiss stage–when citing in support of a fundamental legal principle. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–29 (7th Cir. 2014) ("there's nothing wrong with relying on summary-judgment cases at the pleading stage to explain the substantive legal standards that apply to the case …"). Accordingly, Nache's criticism of BNSF's cite to *Cassimy v. Bd. of Educ. of Rockford Pub. Sch.*, 461 F.3d 932, 937 (7th Cir. 2006) (*see* Resp. p. 4) as support for a governing legal principle is both disingenuous and incorrect.

4

35 F.4th at 1085-87. Similarly, *Preddie* addressed specific employer conduct that could constitute interference, without necessarily denying the employee FMLA leave. Therein, the plaintiff's employer, upon learning that the plaintiff's son suffered from sickle cell anemia and required hospitalization, told plaintiff not to "keep taking off time for [his] son," "you can't take off," and that the plaintiff needed to "find someone else [to] go pick [his son] up" when his son became ill at school. *Preddie*, 799 F.3d at 817-18.

Nache makes no allegations in his FAC that even remotely touch upon the employer-prohibited conduct outlined in *Zaccarelli* and *Preddie*. The best he can do is point to ¶ 36 of his FAC, in which he states, "… on or around April 1, 2022, Ms. Williams called and emailed Plaintiff a form requesting Plaintiff's resignation from Defendant." (Resp. p. 16) But this purported conduct by Ms. Williams, according to Nache, occurred after he had already received all of the benefits to which he was entitled. The employer-prohibited conduct described in *Zaccarelli* and *Preddie*, on the other hand, all occurred before the employee had any chance to exercise FMLA rights and served to discourage the employee from taking leave to which he was entitled. Nache concedes that never happened to him. So, without a denial of FMLA benefits, and with no allegations that BNSF took action to discourage Nache from taking his twelve weeks off, Nache fails to state a claim for FMLA interference, necessitating the dismissal of Count IV of his FAC.

## CONCLUSION

For the reasons stated above, as well as those articulated by BNSF in its Memorandum in Support of Its 12 (b)(6) Motion to Dismiss Counts I, II, III, and IV of Plaintiff's FAC, BNSF respectfully requests that this Court enter an order dismissing all but Count V of Plaintiff's FAC, with prejudice.

Dated: September 8, 2023                                    Respectfully submitted,
                                                            **BNSF RAILWAY COMPANY**

By:   s/Susan M. Troester  
One of Its Attorneys

Martin K. LaPointe (#6195827)  
Susan M. Troester (#6238264)  
LaPointe Law, P.C.  
1200 Shermer Road, Suite 425  
Northbrook, IL 60062  
Telephone: 847-786-2500  
Fax: 847-786-2650  
mlapointe@lapointelaw.com  
stroester@lapointelaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2023, I caused a copy of the foregoing **DEFENDANT BNSF RAILWAY COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS COUNTS I, II, III & IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT** to be filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record via email.

      By:   /s/Susan M. Troester